IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARENCE KIRKPATRICK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENIX HOLDINGS, LLC, dba Greenix Pest Control, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION FOR CONDITIONAL CLASS CERTIFICATION<br><br>Case No. 2:23-cv-00033-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court are two motions filed by plaintiff Clarence Kirkpatrick. First, Kirkpatrick moves for leave to amend the complaint. ECF No. 30. Second, he moves for conditional certification of a collective action under the Fair Labor Standards Act (FLSA). ECF No. 31. The court GRANTS both motions.

BACKGRAOUND

Kirkpatrick was employed as a pest control technician by defendant Greenix Holdings, LLC at its Cleveland, Ohio branch. His job entailed driving to customers' locations, providing pest control services, marketing and selling services to new and existing customers, and communicating with clients regarding Greenix's services. Under Greenix's policies, pest control technicians may not clock in for the day until they arrive at the first worksite. Greenix requires technicians to sign out when they complete their last appointment of the day, before they begin their commute home. Greenix pays its pest control technicians an hourly wage for the time that that they are clocked in. Technicians are typically clocked in for around 40 hours a week.

Kirkpatrick sued Greenix, alleging that its policies violate the FLSA because it requires its pest control technicians to perform a number of work duties off the clock. In his complaint, he asserted that technicians must spend time filling up water tanks at home, before they clock in, for use during the workday to dilute pest control chemicals. Kirkpatrick claimed that Greenix enforces a strict clean-truck policy and that technicians must spend time cleaning their trucks after they clock out for the day. He further alleged that pest control technicians must spend time off the clock answering client phone calls to answer questions and to market and sell services over the phone. Finally, he claimed that Greenix requires its technicians to launder their company-mandated uniforms at home. Kirkpatrick asserted that the time spent on these off-the-clock duties averages around 5–10 hours a week. This uncompensated time, when added to a technician's compensated work hours, would sometimes total over 40 hours a week. Kirkpatrick claimed that technicians did not receive overtime wages for the time they worked over 40 hours. In addition to asserting claims on his own behalf, Kirkpatrick brought an action on behalf of all other similarly situated Greenix employees.

Greenix answered the complaint, and the court entered a scheduling order for the action. Within the time limit set by the scheduling order, Kirkpatrick moved for leave to amend his complaint. He does not ask to amend his FLSA claim allegations, which are largely identical to the allegations of the original complaint. Instead, the proposed amendments would add two new plaintiffs to the lawsuit: Stephen Young, who worked for Greenix as a pest control technician in Illinois, and Rene Villafane, who worked for Greenix as a pest control technician in Pennsylvania. Kirkpatrick proposes adding a claim for violations of the Illinois Minimum Wage Act, with Young as the class representative for the subclass of technicians who worked for Greenix in Illinois. The proposed amended complaint would also add claims for violations of the Pennsylvania Minimum

Wage Act and the Pennsylvania Wage Payment and Collection Law. Villafane would serve as the class representative for the subclass of technicians who worked for Greenix in Pennsylvania.

Kirkpatrick also moves for conditional certification of the proposed class for his FLSA claim. He suggests the following definition for the FLSA class:

> All persons who at any point within the last three years were employed by Defendant Greenix to perform pest control activities and related services at a customer's location (such persons may be referred to as "Pest Control Technicians") and were so employed for a period of at least one week.

Kirkpatrick also requests an order from the court requiring Greenix to provide a list of its employees that fit within this definition within 14 days of the order.

## ANALYSIS

I. MOTION FOR LEAVE TO AMEND

"The court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). Greenix opposes leave to amend on futility grounds. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citation omitted).

Greenix argues that the proposed amendments are futile for two reasons. First, it asserts that portions of the FLSA claim are subject to dismissal. It contends that, as a matter of law, pest control technicians are not entitled to wages for time travelling to their first job of the day or for time travelling home after the last job of the day. Greenix also argues that technicians are not entitled to wages for time spent laundering their work uniforms.

3

Greenix's arguments are procedurally improper. A court may deny leave to amend if the *proposed amendments* would be futile. But Kirkpatrick does not propose to amend the complaint to add allegations regarding wages for travel time or washing uniforms. Those allegations were already contained in the original complaint. Because Greenix's first argument does not relate to the proposed amendments, he has not proven that amendment would be futile. The time to assert that Kirkpatrick failed to state a claim for violating the FLSA was before Greenix filed its answer. FED. R. CIV. P. 12(b). Greenix may not sidestep this deadline by raising a motion to dismiss argument that was available to it before filing its answer.

Second, Greenix argues that the proposed class allegations fail. Kirkpatrick moves to add claims based on Illinois and Pennsylvania statutes. He seeks to amend the complaint to add allegations supporting class certification for these state-law claims under Rule 23 of the Federal Rules of Civil Procedure. Greenix contends that these proposed amendments are futile because they are insufficient to support class certification under Rule 23.

But a futility objection to a motion to amend is not the proper vehicle for litigating the issue of class certification under Rule 23. An amendment is futile if an amended claim is subject to dismissal. *See Bradley*, 379 F.3d at 901. Greenix, however, does not argue that the proposed state-law claims are subject to dismissal for one of the reasons listed in Rule 12(b). It argues only that these claims should not proceed as class actions under Rule 23. Because Greenix does not raise a dismissal argument, it has not shown that the amendments are futile.

Moreover, the Rule 23 certification issue is not governed by the allegations of the complaint. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."

4

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Because the class certification issue for the state-law claims is not confined to the allegations of the complaint, the court may not decide this issue based solely on the facts asserted in the proposed amended complaint. Instead, certification must be adjudicated through a separate proceeding under Rule 23. *See* FED. R. CIV. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.").

The court, therefore, rejects Greenix's futility arguments and grants Kirkpatrick's motion for leave to amend the complaint. He may file the proposed amended complaint attached to his motion.

## II.     MOTION FOR CONDITIONAL CERTIFICATION OF THE FLSA CLAIM

### A.     *Conditional Certification*

The FLSA authorizes a plaintiff to bring a collective action on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Unlike in a class action under Rule 23, parties are added to and bound by an FLSA collective action on an opt-in rather than opt-out basis. This requires the sending of an accurate and timely notice concerning the pendency of the action so that other similarly situated employees can make an informed decision about whether to join.

The Tenth Circuit has approved a two-step approach to determine whether proposed class members are "similarly situated," permitting an FLSA claim to proceed as a collective action. *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001); *see also James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 902 (D. Kan. 2021). First, the court "makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen*, 267 F.3d at 1102. "In doing so, a court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (alteration in

original) (citation omitted). After the close of discovery, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1103.

The allegations of Kirkpatrick's complaint satisfy the initial, notice-stage step of demonstrating that the proposed class members are similarly situated. Kirkpatrick alleges that Greenix mandates that its pest control technicians must clock in when they arrive at the first customer's location and clock out when they leave the location of the last customer of the day. He further claims that technicians must perform preparatory duties such as filling up water tanks before they are allowed to clock in. Kirkpatrick also alleges that Greenix enforces a clean-truck policy that necessarily requires its technicians to clean their trucks off the clock. Finally, he contends that Greenix pest control technicians must answer customer calls off the clock and that Greenix's policies require them to launder their uniforms at home. These allegations sufficiently demonstrate that Greenix's pest control technicians are similarly situated because Greenix's uniform policies force them to perform work duties off the clock.

The court rejects Greenix's arguments against preliminary certification. First, it argues that the court should not follow the two-step procedure approved by the Tenth Circuit in *Thiessen*. Greenix contends that the court should instead adopt a more stringent test adopted by the Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021) or the test mandated in the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). The court declines Greenix's invitation to follow the law of other circuits rather than the procedure authorized by the Tenth Circuit. *See, Green v. Perry's Restaurants Ltd*, No. 21-cv-0023, 2022 WL 16744795, at *4 n.4 (D. Colo. Nov. 7, 2022) ("To the extent Defendants argue that Court should follow the Fifth Circuit's approach in *Swales* . . . the Court declines to do so, as Swales is not binding Supreme Court or Tenth Circuit authority, nor does the Court find

persuasive the reasoning of that decision."). Although *Thiessen* does not mandate that district courts must employ the two-step method for class certification under the FLSA, in this opinion the Tenth Circuit reasons that this procedure is arguably the best of the available approaches. 267 F.3d at 1105; *see also Spencer v. Mental Health Res., Inc.*, No. 1:21-cv-121, 2022 WL 3031839, at *3–*4 (D.N.M. Aug. 1, 2022) (declining to employ the *Swales* procedure and granting conditional certification). The court concludes that the two-step method favored by the Tenth Circuit is the best method for testing whether a collective action is appropriate while giving similarly situated employees a fair opportunity to opt into the litigation.

Greenix also argues that the court should deny conditional certification because Kirkpatrick's FLSA claims are without merit. It contends that it could not have violated the FLSA rights of its employees because its employee handbook states: "Greenix or its agents will never ask or require an employee to work off the clock directly or indirectly, express or implied." It also asserts that some of Kirkpatrick's FLSA claims fail as a matter of law. But *Thiessen* held that it is reversible error to resolve a merits issue when determining class certification issues. 267 F.3d at 1106–07. The court, therefore, may not settle Greenix's merits-based arguments "in the guise of determining whether plaintiffs were 'similarly situated.'" *Id.*

Finally, Greenix asserts in an answer to an interrogatory that 1,911 of its pest control technicians signed agreements containing arbitration provisions or class action waivers. It argues that the notice class should be narrowed to exclude these employees. But Greenix has not provided any of these alleged agreements to the court, or otherwise presented evidence that would allow it to make even a preliminary evaluation of any arbitration or waiver issues. More importantly, the court concludes that any arbitration or waiver issues need not be resolved prior to determining which employees should receive notice of this litigation. Although *Thiessen* does not specifically

address arbitration or scope-of-notice issues, Greenix's argument is not compatible with the two-step class certification process approved by the Tenth Circuit in that opinion. It would defeat the purpose of conditional certification, which is based on the allegations of the complaint, if the opt-in notice could not be sent to potential class members until the parties completed discovery regarding the arbitration or waiver clauses and litigated the issue. Indeed, resolving arbitration issues before giving the employees purportedly bound by the agreements an opportunity to participate in the litigation would raise grave due process concerns. Accordingly, the court agrees with the district courts in this circuit that have ruled that notice of the litigation should be sent to all potential class members, regardless of the existence of arbitration or class action waiver agreements. *See Stoddard v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-21-308-F, 2022 WL 2960131, at *4 (W.D. Okla. July 26, 2022) ("[T]he current weight of law in this Circuit holds that a collective may be conditionally certified, and notice given, notwithstanding that some of the prospective members of the collective may have signed arbitration agreements." (citation omitted)); *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-cv-00580, 2021 WL 5861184, at *8 (D.N.M. Dec. 10, 2021) (same); *Judd v. Keypoint Gov't Sols., Inc.*, No. 18-cv-00327, 2018 WL 7142193, at *4 (D. Colo. Dec. 4, 2018) ("Defendant asks the Court to fast-forward to the second stage of this case and rule on the merits and enforceability of *potential* arbitration agreements executed by *potential* opt-in plaintiffs—neither of which are presently before the Court. But this case is not at the merits stage yet and the Court does wish to put the proverbial cart before the horse.").

Accordingly, the court concludes that Kirkpatrick has satisfied step-one of the certification process approved by *Thiessen*. The court conditionally approves the proposed collective action for the purposes of providing opt-in notices and conducting discovery.

B.  *Notice and Class Discovery*

Kirkpatrick asks the court to approve the form of the proposed notice attached to his motion for conditional certification. He also moves the court to order Greenix to provide a list of its employees that fit the class description within 14 days. Greenix did not oppose either request. The court has reviewed the proposed notice and approves it. The court also orders Greenix to provide Kirkpatrick with a list of its current and former employees that fit within the class description within 14 days of this order.

## CONCLUSION AND ORDER

For the reasons discussed above, the court rules as follows:

1) The court GRANTS Kirkpatrick's motion to amend the complaint. He may file the proposed amended complaint attached to his motion.

2) The court GRANTS Kirkpatrick's motion for certification and conditionally approves the following class for a collective action under the FLSA:

   > All persons who at any point within the last three years were employed by Defendant Greenix to perform pest control activities and related services at a customer's location (such persons may be referred to as "Pest Control Technicians") and were so employed for a period of at least one week.

3) The court approves the proposed opt-in notice attached to Kirkpatrick's motion.

4) The court ORDERS Greenix to provide to Kirkpatrick a list in electronic and importable format of the name, last known mailing address, e-mail address(es) (work and personal), telephone numbers, work location(s) and dates of employment for all persons meeting the class definition as set forth above. Greenix must provide the list within 14 days of this order.

9

DATED February 23, 2024.

                                      BY THE COURT

                                      _____
                                      Jill N. Parrish
                                      United States District Court Judge