# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARENCE KIRKPATRICK, STEPHEN YOUNG, and RENE VILLAFANE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREENIX HOLDINGS, LLC, dba Greenix Pest Control, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO REQUIRE THE PLAINTIFFS TO REVISE THE COMPLAINT<br><br>Case No. 2:23-cv-00033-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is defendant Greenix Holdings, LLC's motion seeking three forms of relief: (1) an order dismissing the class action allegations asserted by plaintiffs Stephen Young and Rene Villafane, (2) an order dismissing the individual claims of Young and Villafane for failure to state a claim for relief, and, in the alternative, (3) an order requiring the plaintiffs to refile the complaint to correct the caption and to include additional information. ECF No. 55. The motion is GRANTED IN PART and DENIED IN PART. The court denies Greenix's motion to the extent that it requests dismissal of the class allegations and to the extent that it requests the dismissal of the individual claims asserted by Young and Villafane. The court grants Greenix's request for an order requiring the plaintiffs to correct the caption of the amended complaint but denies its request for an order requiring the plaintiffs to include additional information.

## BACKGROUND

Greenix provides pest control services to residential customers. Clarence Kirkpatrick sued Greenix, alleging that it violated the Fair Labor Standards Act by requiring its pest control

technicians to perform a number of work duties off the clock. Kirkpatrick amended his complaint to include claims asserted by two additional plaintiffs. First, plaintiff Young alleges that that Greenix violated the Illinois Minimum Wage Act by failing to pay overtime for tasks that he performed off the clock. Second, plaintiff Villafane alleges that Greenix violated the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law for the same reasons.

Young and Villafane each assert that they should be allowed to pursue their claims as a class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure. Young contends that he should be a class representative for a class of Greenix employees located in Illinois, while Villafane proposes to represent a class of Greenix employees located in Pennsylvania. In the amended complaint, Young and Villafane alleged that they could satisfy the Rule 23 requirements for pursuing the Illinois and Pennsylvania claims as a class action.

Greenix subsequently filed a motion to dismiss portions of the amended complaint. It argues that the court should bar Young and Villafane from pursuing their Illinois and Pennsylvania claims as a class action because they did not adequately plead facts supporting their assertion that they can satisfy the requirements of Rule 23. Greenix also contends that the court should dismiss the state-law causes of action asserted by Young and Villafane for failure to state a claim. Finally, it argues, in the alternative, that the court should order Young and Villafane to refile their amended complaint to include their names in the caption to comply with Rule 10(a) and to include information required by DUCivR 23-1(b)(7). [1]

---

[1] Initially, Greenix also argued that the court lacked personal jurisdiction to hear the Illinois and Pennsylvania state-law claims. But in its reply brief, Greenix withdrew this argument.

## ANALYSIS

I.  **MOTION TO DISMISS CLASS ACTION ALLEGATIONS**

Greenix urges the court to dismiss the portions of the amended complaint in which Young and Villafane assert that their Illinois and Pennsylvania state-law claims should proceed as a class action. It argues that Rule 8(a) requires litigants to plead sufficient facts to support class certification under Rule 23. Greenix further contends that a failure to adequately plead such facts warrants dismissal of the class action allegations pursuant to Rule 12(b)(6). Relying on Rule 8(a) and Rule 12(b)(6), Greenix asserts that the court should bar the state-law claims from proceeding as a class action at the pleading stage of the litigation, before the plaintiffs have an opportunity to move for class certification pursuant to Rule 23.

In evaluating Greenix's argument, the court first determines which procedural rule governs its motion. The court then examines the merits of its motion under the appropriate standard.

  *A.  Applicable Procedural Rule*

The Tenth Circuit has not articulated a standard for determining whether to preemptively deny class certification based on the pleadings.[2] *Downs v. Robinson Hoover & Fudge, PLLC*, No.

---

[2] Greenix argues that *Washington v. Safeway Corp.*, 467 F.2d 945 (10th Cir. 1972) stands for the proposition that class action allegations must satisfy the requirements of Rule 8(a). The court disagrees. In *Washington*, the plaintiff asserted for the first time at the beginning of trial that his lawsuit was a class action, despite the fact that he had neither pled his claims as a class action nor shown that he could satisfy the requirements of Rule 23 by moving for class certification. *Id.* at 947. Affirming the district court's ruling that the plaintiff's action could not proceed as a class action, the Tenth Circuit stated that the plaintiff's assertion that his lawsuit was a class action "is so obviously baseless, we think it sufficient to say we agree with the holding of the trial court that it was only plaintiff's individual action." *Id.* In the context of the procedural posture of that case, *Washington* held that the trial court did not err by refusing to permit a case to proceed as a class action where the plaintiff did not plead class allegations *or* move for class certification prior to trial. It does not apply where the defendant seeks to bar class certification based solely on the allegations of the complaint prior to a Rule 23 certification proceeding.

CIV-23-00064-PRW, 2024 U.S. Dist. LEXIS 177118, at *11 (W.D. Okla. Sep. 30, 2024). And other courts are split on whether Rules 8(a) and 12(b)(6) govern a motion to deny class certification at the pleading stage. *Id.*; *Hockenbury v. Hanover Ins. Co.*, No. CIV-15-1003-D, 2016 U.S. Dist. LEXIS 16159, at *2 n.1 (W.D. Okla. Feb. 10, 2016) (collecting cases); *Anderson Living Tr. v. ConocoPhillips Co., LLC*, 952 F. Supp. 2d 979, 1057–58 (D.N.M. 2013) (ruling that Rules 8(a) and 12(b)(6) do not apply to class allegations); *Jackson v. Boehringer Ingelheim Pharms., Inc.*, No. MDL No. 2385, 2013 U.S. Dist. LEXIS 100726, at *12 (S.D. Ill. July 18, 2013) (dismissing class allegations pursuant to Rule 12(b)(6)).

This court concludes that the cases holding that Rules 8(a) and 12(b)(6) do not control motions to dismiss or strike class action allegations have the better argument. Rule 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 12 (b)(6) permits defendants to seek dismissal of claims for "failure to state a claim upon which relief can be granted." Both of these rules address claims for relief asserted by the plaintiff. But a class action is not a "claim" within the meaning of either Rule 8(a) or Rule 12(b)(6). "[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980); *accord Anderson*, 952 F. Supp. 2d at 1057 ("[T]he Plaintiffs' class-action allegations enable them to take advantage of a procedural device, not a new cause of action."). Thus, the question of whether the plaintiff has stated a claim for relief in the complaint is distinct from the question of whether the plaintiff can prosecute the action as a class representative on behalf of other similarly situated individuals under Rule 23. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of

Rule 23 are met." (citation omitted)); *Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009) ("[C]lass certification does not depend on the merits of a suit."). Accordingly, the court concludes that neither Rule 8(a) nor Rule 12(b)(6) apply to Greenix's motion to dismiss the plaintiffs' class allegations. *See Anderson*, 952 F. Supp. 2d 979, 1057–58.

Instead, the plain language of Rule 23(d)(1)(D) explicitly governs motions to eliminate class action allegations found in a complaint. This rule states that "the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Because Rule 23(d)(1)(D) overtly provides for the relief that Greenix seeks in its motion, the court finds that this rule, rather than Rule 8(a) or Rule 12(b)(6), controls. *Cf. Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991) ("A specific provision controls one of more general application.").

B.     *Application of Rule 23(d)(1)(D)*

Notably, Rule 23(d)(1)(D) is silent as to the standard that courts should apply when deciding whether to strike the class action allegations of a complaint. It simply provides that a court, in its discretion, "may" strike such allegations and require the suit to proceed as an individual action. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2016 U.S. Dist. LEXIS 131119, at *24-25 (D.N.M. Aug. 27, 2016) ("[R]ule 23(d) does not *require* the Court to direct the Plaintiffs to remove class allegations."). Thus, courts have broad discretion when evaluating motions to strike class allegations. " Even in light of this discretion, courts in this circuit and elsewhere have nonetheless viewed motions to strike or dismiss class allegations at the pleading stage with particular disfavor. They generally consider such motions an extreme remedy in that they seek to preemptively terminate the class aspects solely on the basis of what is alleged in the complaint, and before the plaintiff has had any meaningful chance to conduct discovery."

*Hockenbury*, 2016 U.S. Dist. LEXIS 16159, at *6-7. In short, "Rule 23(d)(1)(D) imposes a 'high standard' and a motion to strike class allegations is a 'drastic remedy.'" *Francis v. APEX USA, Inc.*, 406 F. Supp. 3d 1206, 1212 (W.D. Okla. 2019) (citation omitted). Courts typically order a plaintiff to remove class allegations only "where it is clear from the pleadings that the requirements for class certification under Rule 23 cannot be satisfied." *Id.* (citation omitted).

Greenix argues that the court should strike the class allegations asserted by Young and Villafane because it is clear that they cannot satisfy the typicality requirement of Rule 23, which requires the potential class representative to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "Typicality exists where the 'injury and the conduct are sufficiently similar.'" *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011) (citation omitted). Greenix asserts that Young and Villafane have not shown that their claims are sufficiently similar to those of the proposed class members because they did not allege in the complaint that they worked in excess of 40 hours a week.

This argument patently misrepresents the allegations of the amended complaint. In a section entitled "Facts Common to All Claims," the plaintiffs allege that Greenix has company-wide policies that require pest control technicians to perform duties off the clock, causing technicians to work more than 40 hours a week. In paragraph 40, the plaintiffs further assert: "Specifically, during their tenure as [pest control technicians] with Defendant, Plaintiffs Clarence Kirkpatrick, Stephen Young, and Rene Villafane worked over forty hours per week (including both clocked-in time and uncompensated time) for most weeks." Based on these allegations, Greenix has not met the exacting burden of showing that it is clear from the pleadings that the plaintiffs cannot satisfy the typicality requirement of class certification. Accordingly, the court denies Greenix's motion to preemptively deny certification of the state-law claims based on the pleadings.

## II. MOTION TO DISMISS INDIVIDUAL CLAIMS

In its reply brief, Greenix argued for the first time that the individual causes of action asserted by Young and Villafane should be dismissed pursuant to Rule 12(b)(6), which provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

Greenix argues that Young and Villafane failed to state a plausible claim for relief because they did not allege facts showing that they were denied overtime pay for work done off the clock. It points to the assertion in the complaint that Young and Villafane "typically" clock in for around a minimum of 40 hours per week and argues that this allegation is not sufficient to support its claim that the clocked-in time plus the time spent performing work tasks off the clock totals over 40 hours in a given week. The court disagrees. The use of the word "typically" in the complaint signifies that Young and Villafane were clocked in for around 40 hours most weeks. They further alleged that they spent an average of five to ten additional hours a week on uncompensated labor for the company. And to erase any doubt, Young and Villafane allege that they "worked over forty hours per week (including both clocked-in time and uncompensated time) for most weeks." Thus, Young and Villafane clearly allege that most weeks they had worked over 40 hours without receiving overtime pay.

Greenix also argues that Young and Villafane failed to allege facts showing that its policies required them to perform tasks off the clock. Once again, the court disagrees. Young and Villafane asserted that Greenix prohibited its employees from clocking in until they arrived at their first job site and required them to clock out upon finishing their last job of the day, before commuting home. The plaintiffs further asserted that, in order to perform their work, they necessarily had to fill up water tanks and mix chemicals before arriving at the first appointment of the day and that they had to clean their truck after leaving the last appointment of the day. Viewing these facts in the light most favorable to the plaintiffs, Young and Villafane have shown that Greenix's timekeeping policies caused its employees to perform work duties off the clock.

Because Young and Villafane assert facts stating a claim that is plausible on its face, the court denies Greenix's request to dismiss their individual claims.

### III.   MOTION TO REQUIRE THE PLAINTIFFS TO AMEND THE COMPLAINT

Rule 10(a) states that the "title of the complaint must name all the parties." The plaintiffs did not comply with this rule because the caption of the amended complaint lists only Kirkpatrick and does not mention Young or Villafane. Greenix argues that the court should order the plaintiffs to refile the amended complaint with a corrected caption that comports with Rule 10(a).

The court agrees. Including all litigants in the caption ensures that the clerk adds any additional parties to the electronic docket. For the purpose of updating the docket, the court orders the plaintiffs to refile their amended complaint with a corrected caption. The plaintiffs shall title the pleading as the "Corrected First Amended Class Action Complaint."

Greenix also argues that the court should order the plaintiffs to refile the amended complaint to comply with Rule 23-1(b)(7) of the Local Rules of Civil Practice – District of Utah. This rule requires a class action plaintiff, if proceeding under Rule 23(b)(3), to set forth facts

addressing a proposed briefing schedule for a class certification motion, any proposed departure from page limits, whether discovery should be bifurcated, and whether the scheduling order should address only class certification. The amended complaint does not comply with Rule 23-1(b)(7). But the plaintiffs included the required information in their response brief to the motion to dismiss. Requiring the plaintiffs to amend the complaint would be pointless busywork. The court, therefore, denies Greenix's request that the court order the plaintiffs to amend and refile the complaint with the Rule 23-1(b)(7) information.

## CONCLUSION

For the above-stated reasons, the court denies Greenix's motion to the extent that it seeks dismissal of the class action allegations. The court also denies Greenix's request to dismiss the individual claims asserted by Young and Villafane. The court grants Greenix's request for an order requiring the plaintiffs to correct the caption and refile the complaint. The clerk shall add Young and Villafane to the electronic docket. The court denies Greenix's request for an order requiring the plaintiffs to include the Rule 23-1(b)(7) information in the corrected complaint.

DATED January 23, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge